# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20564
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2015

Lyle W. Cayce
Clerk

SIMEON DESHON STATEN,

Plaintiff-Appellant

v.

OFFICER TED ADAMS, #106508; OFFICER ANTHONY HAWKINS, #95450; OFFICER JEFFREY OLIVER, #12150 of the Houston Police Department, individually, and in their official capacity; CITY OF HOUSTON; CITY OF HOUSTON POLICE DEPARTMENT,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1838

Before DAVIS, JONES, and GRAVES, Circuit Judge

PER CURIAM:* 1

Simeon Deshon Staten, Texas prisoner # 1535980, filed an amended civil rights complaint against three Houston police officers and the City of Houston. He alleged that the officers injured him by using excessive force when arresting him during a traffic stop that led to a drug conviction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1 Judge Graves is concurring in the judgement only.

No. 14-20564

The district court granted summary judgment in favor of all defendants. The court noted that Staten had failed to present any evidence that would render the City of Houston liable based on unconstitutional policies or a failure to train the policemen. The court concluded that the officers were entitled to qualified immunity because the undisputed evidence indicated that any application of force was not unreasonable under the circumstances and that no summary judgment evidence supported Staten's claims of force sufficient to cause the severe injuries he alleged.

"Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012); FED. R. CIV. P. 56(a). To defeat summary judgment, the nonmovant must set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(c)(1). All facts and reasonable inferences must be construed in favor of the nonmovant, and the court must not weigh evidence or make credibility calls. *Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2009). However, the nonmovant may not rest on mere allegations but must point to specific facts and explain how they support his position. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Neither can the nonmovant defeat summary judgment with "unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks and citations omitted).

Further, when a defendant invokes qualified immunity "the usual summary judgment burden of proof is altered" so that the plaintiff must negate the defense by demonstrating "genuine issues of material fact regarding the reasonableness of the [defendant's] conduct." *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). A plaintiff must plead facts to show a violation of a

2

right that was clearly established at the time of the incident and that, in light of that clearly established law, the defendant's conduct was objectively unreasonable. *See Short v. West*, 662 F.3d 320, 325 (5th Cir. 2011). We review de novo the issue of qualified immunity. *Id.*

The reasonableness of the force applied must be assessed from the perspective of a reasonable officer on the scene rather than with "the 20/20 vision of hindsight." *Saucier v. Katz*, 533 U.S. 194, 205 (2001). "While the right to be free from excessive force is clearly established in a general sense, the right to be free from the degree of force used in a given situation may not have been clear to a reasonable officer at the scene." *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013). Because the excessive force analysis is highly fact-specific, officers get the benefit of qualified immunity unless there are "cases squarely on point." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 383 n.1 (5th Cir 2009).

On appeal, Staten asserts in a conclusional manner that the City is liable because it approves of the use of excessive force against citizens and has failed to properly train its policemen. His bare assertion of an unconstitutional policy or a failure to train must fail for lack of evidentiary or factual support. *See Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006); *see also Duffie*, 600 F.3d at 371.

As for the individual defendants, Staten merely reiterates his narrative of the incident, and he alleges injuries for which there is no evidence. He also does not contest the defendants' summary judgment evidence showing no injuries consistent with the use of excessive force. He broadly asserts the general right to be free from excessive force without identifying clearly established law with the requisite high degree of particularity. *See Hogan*, 722 F.3d at 735. Specifically, he does not point to any authority to establish

No. 14-20564

that his being put roughly on the ground constituted a degree of force that clearly would have been excessive to a reasonable officer under the circumstances. *See id.* Given the implausibility of his claims of serious injury, the formidable qualified immunity defense, and the conclusory nature of his opposition to summary judgment, Staten has not identified a genuine factual issue on which a reasonable jury could find in his favor. *See Cuadra,* 626 F.3d at 812.

The judgment is AFFIRMED. Staten's motion for appointment of counsel is DENIED.